IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

IN RE: VIRGINIA M. BERKHEIMER  Case No. 07-70396 JAD
  JEFFREY L. BERKHEIMER

    Debtors    Chapter 13

          Docket _____


VIRGINIA M. BERKHEIMER  Adversary No. 07 - 07 JAD
JEFFREY L. BERKHEIMER

    Movants

  vs.

INTERNAL REVENUE SERVICE


    Respondents

## COMPLAINT FOR DETERMINATION OF SECURED STATUS PURSUANT TO SECTION 506

   AND NOW COMES the Plaintiffs, , by and through their attorney, Mary K. Wheeler,

Esquire and Homady & Wheeler, P.C. and files the within Complaint

for Determination of Secured Status, of which the following is a statement:


## I.   PRELIMINARY STATEMENT

1.  This is an action by the Debtor to determine the extent to which the Defendant's secured

claim is secured by the Debtors' residence and by other personal property.


2.  This action is filed pursuant to 11 U.S.C. Section 506.

## II.   JURISDICTION

3.      This Court has jurisdiction over this proceeding pursuant to 11 U.S.C. Section 506.

This is a core proceeding.

### III.  PARTIES

4.      Movants , Virginia M. Berkheimer and Jeffrey L. Berkheimer, are adult individuals,

 currently residing at 144 Kittaning Run; P.O. Box 261; Claysburg, PA 16625.    The Movants

have  filed for relief under Chapter 13 of the United States  Bankruptcy Code on April 16, 2007.

5.      Respondent Internal Revenue Service is an Agency of the United States, doing business

locally at 1001 Liberty Avenue; Pittsburgh, PA 15222.
.

### IV. FACTS

6..      The Respondent purports to hold a  lien in an unknown amount on real estate and

personal  property belonging to the Movants at 144 Kittanning Run; Claysburg, PA 16625.   The

lien emanates from taxes the Movants were unable to pay due to a business failure. The defunct

business was  formerly owned by the Debtor Virginia M. Berkheimer.


7.      The Debtors have obtained an appraisal of their residence, which appraisal places a value

of $ 85,000.00, as of April 16, 2007.   The Debtors have made no improvements to the real

property since that time.  A copy of the appraisal is attached as Exhibit 1.


8.      The Debtors also have a first mortgage on this property, held by First Franklin Bank.

9.      First Franklin has filed a Proof of Claim in the amount of 80,826.05, and the debtors

agree that this is the approximate balance on the first mortgage.

10..      First Commonwealth filed a Proof of Claim alleging that they have a secured claim of $

106, 233.77, on the same real estate and personal property.   The First Commonwealth Bank loan

is superior in time to that of the Internal Revenue Service.

11.     The Debtors have filed a similar action to render a part of the First Commonwealth Bank

Claim unsecured..

12.     The Debtors believe and so aver that there is approximately $ 4173.95 in equity to

support the lien of First Commonwealth Bank.

13.     This leaves no equity in the real property to which the lien of the Internal Revenue

Service can attach.

14.     The Debtors have filed similar actions on their motor vehicles, neither of which have

equity sufficient to support the existing liens.

15.     The Respondent has also claimed in its proof of claim an unsecured priority claim in the

amount of 10,093.49, which the Debtors concede may be valid.

16..     The Debtors, therefore, seek a determination that the Respondent Internal Revenue

Service has an unsecured claim in the amount of 13573.71 and a priority claim of

10,093.49.


        WHEREFORE, the Movants  respectfully request the Honorable Court to enter an

order finding that the Internal Revenue Service   holds a priority  claim in the amount of

10,093.49 and an unsecured claim in the amount of 13573.71, and that no portion of this claim is

secured.


                        RESPECTFULLY SUBMITTED,


                        s/Mary K. Wheeler

Mary K. Wheeler, Esquire
Homady & Wheeler, P.C.
P.O. Box 627
Duncansville, PA 16635
(814) 696-4020
PA ID No. 65251